FILED

08/04/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0760

DA 25-0760

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 186N

NIMACHIA HOWE,

      Plaintiff and Appellant,

  v.

PRECISION ADAS U.S.A. and
KEN TOWNE,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DV-15-2025-1036(B)
                 Honorable Paul Sullivan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nimachia Howe, Self-Represented, East Glacier Park, Montana

                      Submitted on Briefs:  July 22, 2026

                               Decided:  August 4, 2026

Filed:

_____
                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Nimachia Howe appeals from the Eleventh Judicial District Court's Order Dismissing Appeal for Failure to File a Brief.  We affirm.

¶3     After a bench trial, the Flathead County Justice Court entered judgment in favor of defendants, Precision ADAS U.S.A. and Ken Towne, in the lawsuit Howe brought against them.  Howe timely appealed the judgment to District Court.  The Clerk of District Court notified the parties that the appeal had been received and advised that the deadlines set forth in Rule 14 of the Montana Uniform Municipal Court Rules of Appeal to District Court would apply.  The Clerk included a copy of Rule 14 with the notice.

¶4     Howe did not timely file a brief with the District Court and on August 5, 2025, the District Court dismissed her appeal for failure to file a brief.  On August 18, 2025, Howe filed a "Motion [for] Extension of deadline to File a Brief" with the District Court.  In her motion, Howe contended she did not timely file her brief because "I did not receive the email with the instructions regarding the date/form of the brief."  In her affidavit in support of her motion, Howe explained that she did not receive the email with the instructions and deadlines for her appeal because "[t]he court communicates with me via phone/email, and while many emails reach me successfully, many do not."  Howe attributed this failure to poor internet service in East Glacier, where she lives.

2

¶5 In her brief on appeal to this Court, Howe asserts that her appeal to District Court was late for two reasons. First, Howe asserts that that the court sent case-related documents to her via email "despite her explicit request that she receive all court-related correspondence in hardcopy, to her PO Box due to inconsistent internet access." Second, Howe asserts that she "filed an appeal immediately, accompanied by an affidavit regarding her medical reasons that had compounded the delay, and which were the main reasons she was unable to file any documents regarding her case, including even [a] request for more time to file her appeal." Howe does not reference where in the record she explicitly requested that she receive all court-related correspondence in hardcopy due to inconsistent internet access, and our own review of the record finds none. Likewise, the record does not appear to include any reference to medical conditions preventing Howe from timely filing her appeal to District Court. Since there was no affidavit accompanying her "appeal," it appears the affidavit to which Howe references is the affidavit in support of her "Motion [for] Extension of deadline to File a Brief." This affidavit makes no mention of any medical conditions.

¶6 We review a district court's dismissal of a lower court appeal for failure to timely file an appellate brief for an abuse of discretion. *Alto Jake Holdings, LLC v. Donham*, 2017 MT 297, ¶¶ 14, 26, 389 Mont. 435, 406 P.3d 937. Howe does not dispute that she failed to file her brief on time. Assuming for the sake of argument that her explanations would provide a basis for excusing her failure to timely file a brief, neither of them find any basis in the record. The District Court did not abuse its discretion by dismissing Howe's appeal.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's ruling was not an abuse of discretion. The District Court's order dismissing Howe's appeal from Justice Court is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON